HELM ET UX., RESPONDENTS, *v.* KLEINSCHMIDT, AP-
PELLANT.

[Argued June 21, 1892.   Decided December 3, 1892.]

SALES OF REALTY—*Deed in escrow—Delivery and acceptance.*—The deposit of a deed in bank by the vendor of lands, under an agreement with the vendee, that it is to be delivered to him upon payment of the purchase price, if the title be satisfactory, does not constitute a delivery by the vendor, or acceptance by the vendee, and the vendor cannot maintain action for the price upon the failure of the vendee to make the payment.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for purchase price of land. The cause was tried before DURFEE, J. Plaintiff had judgment below. Reversed.

*Henry C. Smith,* for appellant.

The facts shown by the testimony do not constitute a delivery of the deed from Helm. (*Bank of Healdsburg* v. *Bailhache,* 65 Cal. 327; Bishop on Contracts, § 359.) Delivery is a ques-

tion of intent, and is often a question of fact for the jury. If that is so in this case, then the court erred in its statement in overruling the motion for a nonsuit wherein he said that delivery to the bank was delivery to Kleinschmidt, thus taking that question from the jury. (*Hibbard* v. *Smith*, 67 Cal. 547; 56 Am. Rep. 726; *Lindsay* v. *Lindsay*, 11 Vt. 651.) "This is settled, that delivery is not complete until the person delivering (grantor) has so dealt with the instrument delivered as to lose all control over it." (*Hibbard* v. *Smith, supra.*) In this case the very fact that plaintiff was able to bring this deed into court and there tender it, shows that his action, if he has one, should have been for *breach* of contract instead of *on* contract, which he alleges Kleinschmidt failed to carry out. "The law is not so absurd as to force a man to take an estate against his will." (*Townson* v. *Tickell*, 3 Barn. & Ald. 31.) There can be no delivery without an acceptance. (*Herbert* v. *Herbert*, 1 Ill. 354, and note; 12 Am. Dec. 192; *Wiggins* v. *Lusk*, 12 Ill. 132; *Jackson ex dem.* v. *Phipps*, 12 Johns. 418; *Jackson ex dem.* v. *Dunlap*, 1 Johns. Cas. 114; 1 Am. Dec. 100; *Jackson ex dem.* v. *Bodle*, 20 Johns. 184; *Harkreader* v. *Clayton*, 56 Miss. 383; 31 Am. Rep. 369.)

*Cole & Whitehill*, for Respondents.

It is well settled that it is not essential to the validity of a deed that it be actually delivered to, or even pass into the hands of the grantee. The delivery may be made at his request to some person for him, and in many cases an acceptance will be presumed on the part of the grantee even when the delivery is made to a stranger without his knowledge. A delivery is valid when the transfer from the grantor to the grantee, or some person acting in his behalf is made in such manner as to deprive the grantor of the right to recall the deed at his own option. If the facts attending the execution of the deed show that the party executing it intended it to become immediately operative and binding without any further act or ceremony on his part, then there is sufficient proof of an effectual delivery, and it matters not who may afterwards take possession of it. The subsequent custody of the grantor does not affect its validity. Anything done by the grantor from which it is apparent that a delivery is

thereby intended, either by words or acts, or by both combined, is sufficient, and this intention is to be gathered from the whole evidence taken together. (Devlin on Deeds, § 275; 4 Kent's Commentaries, p. 455; Martindale's Conveyancing, §§ 221, 224, 228; *Shirley* v. *Ayers*, 14 Ohio, 307; 45 Am. Dec. 546; *Western R. R. Corp.* v. *Babcock*, 6 Met. 356; *Turner* v. *Whedden*, 22 Me. 121; *Blight* v. *Schenck*, 10 Pa. St. 285; 51 Am. Dec. 478; *Farrar* v. *Bridges*, 5 Humph. 411; 42 Am. Dec. 439; *Merrill* v. *Swift*, 18 Conn. 257; 46 Am. Dec. 315.) The bank was Kleinschmidt's agent appointed by him to accept and hold the deed for him. (Martindale's Conveyancing, § 222, and cases cited; *Fairbank* v. *Metcalf*, 8 Mass. 230; *Worrall* v. *Munn*, 5 N. Y. 229; 55 Am. Dec. 330; *Braman* v. *Bingham*, 26 N. Y. 483; *O'Kelly* v. *O'Kelly*, 8 Met. 436; *Foster* v. *Mansfield*, 3 Met. 413; 37 Am. Dec. 154; *Shaw* v. *Hayward*, 7 Cush. 170; *Marsh* v. *Austin*, 1 Allen, 238; *Blanchard* v. *Blackstone*, 102 Mass. 343; *Mather* v. *Corliss*, 103 Mass. 571; *Regan* v. *Howe*, 121 Mass. 424; *Wallace* v. *Harris*, 32 Mich. 398.)

DE WITT, J. — The complaint alleges that on August 1, 1890, plaintiffs sold and conveyed to defendant certain real estate (describing it), and that defendant promised to pay therefor two thousand dollars, of which amount he has paid six hundred dollars, and no more. Complaint demands judgment for fourteen hundred dollars. The answer denies that plaintiffs sold or conveyed said premises; denies that defendant promised to pay two thousand dollars, or any sum, for the same, or did pay six hundred dollars, or any sum. Verdict and judgment below were for plaintiffs for fourteen hundred dollars. Defendant appeals from the judgment, and from an order denying his motion for a new trial.

There was in evidence the following letter from defendant to plaintiffs: —

"HELENA, MONT., June 5, 1890.

"*Mr. Henry Helm, Helmville* — DEAR SIR: If you will make the deeds for the mine and placer ground only quitclaim deeds, and send them to Larrabie's Bank, at Deer Lodge, with instructions to deliver upon receipt of our contract amount, I will have title looked up at once, and, if satisfactory, will pay money into

Larrabie Bros.' Bank, i. e., fourteen hundred dollars, which, with the stallions, is the agreed amount, i. e., two thousand dollars.     Yours truly,     ALBERT KLEINSCHMIDT."

The plaintiffs deposited the deed in the Larrabie Bank in pursuance to this letter. Defendant never took said deed from the bank. Why he did not do so is not now important. The important matter is the fact that he did not take the deed.

The action is *assumpsit.* The theory of plaintiffs is, as they allege, that they sold and conveyed the premises to defendant. The property was real estate. If it be true that plaintiffs sold and conveyed the real estate to defendant, they made, executed, and delivered a deed to defendant. It is plain that they made and executed the deed. If the deed were delivered, then the property belongs to the defendant, and the consideration therefor belongs to the plaintiffs, and they may sue for it in this action. As a matter of course, delivery may be made to an agent, or other person authorized for this purpose, for the grantee. Was the delivery of the deed by plaintiffs to the bank a delivery to the bank as Kleinschmidt's agent? Did the plaintiffs intend it for a delivery to Kleinschmidt? Did the defendant himself intend it for such delivery? The delivery to the bank was with the instructions by the grantors to deliver to Kleinschmidt "upon receipt of the contract amount." The plaintiffs did not intend that the present delivery to the bank was a delivery to Kleinschmidt, for the reason that the bank was to perform a future act of delivery, and was not to perform it until Kleinschmidt paid the consideration. Such were the instructions to the bank. Kleinschmidt did not pay the consideration to the bank, and the bank never delivered the deed to Kleinschmidt. Therefore, there was not a delivery to Kleinschmidt by the bank, and it is apparent that it was not the intention of plaintiffs or the defendant that the delivery to the bank was a delivery to Kleinschmidt, for something else remained to be done, namely, the payment of the money. Therefore, we do not find the intent of plaintiffs to deliver. On the contrary, the opposite intent is clear from the evidence. Nor does it appear that it was the intent of Kleinschmidt that delivery to the bank was delivery to him, for he reserved a right to examine the title before paying the money, or having the deed delivered by the bank to

him.   He never did pay the consideration of fourteen hundred dollars; nor did he do any other act to signify his intention to accept the deed.   If a deed is in escrow, to be delivered upon the happening of a future event, and the future event happens, and the deed is delivered, the second delivery may relate to the first delivery; but in this case the future event upon which the deed was to be delivered was the paying by Kleinschmidt of the consideration.   As this future event never happened, and there was no second delivery, there is no question of such delivery relating to the delivery in escrow.   The verdict and judgment below were for plaintiffs.   This occurred by virtue of rulings and instructions by the court to the effect that the facts constituted a delivery and acceptance of the deed, which view we do not approve.

The judgment and order denying a new trial are therefore reversed.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.